1   Harry I. Johnson, III (SBN 200257)
    *johnson.harry@arentfox.com*
2   Paul Rigali (SBN 262948)
    *rigali.paul@arentfox.com*
3   **ARENT FOX LLP**
    555 West Fifth Street, 48th Floor
4   Los Angeles, CA  90013-1065
    Telephone:  213.629.7400
5   Facsimile:  213.629.7401

6   Attorneys for Defendant
    DIESEL U.S.A., INC.

7

ORIGINAL
FILED

E-filing

JAN - 3 2011

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

8                UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10               SAN FRANCISCO DIVISION

11

CV11     0014

12  MEGAN LABRADOR, individually    Case No. _____
    and on behalf of all others similarly
13  situated,                        **NOTICE OF REMOVAL OF CIVIL
                                     ACTION FROM STATE COURT**
14              Plaintiff,

15       v.                          **[28 U.S.C. §§ 1331, 1332, 1441, 1446
                                     AND 1453]**
16  DIESEL U.S.A., INC., a New York
    corporation; and DOES 1-100,
17  inclusive,

18              Defendants.

19

20

21

22

23

24

25

26

27

28

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

─────────────────────────────────────────────
        NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE THAT Diesel U.S.A., Inc. ("Diesel"), Defendant in the above-titled action, hereby removes this matter to the United States District Court for the Northern District of California, pursuant to 28 U.S.C. § 1331, § 1332, § 1441, § 1446, and § 1453.  The grounds for removal are as follows:

## **Claims Asserted in Complaint**

1.    On or about December 1, 2010, Plaintiff Megan Labrador ("Labrador") filed a Class Action Complaint ("Complaint") in the Superior Court of the State of California for the County of San Francisco, Case No. CGC-10-505710 captioned *MEGAN LABRADOR, individually and on behalf of all others similarly situated, v. DIESEL U.S.A., INC., a New York corporation; and DOES 1-100, inclusive.*

2.    Labrador seeks class action certification of a class defined as:

"[A]ll individuals who are or previously were employed by DEFENDANTS in California, in positions entitled "sales associate, or in any other similarly situated position during the Liability Period." Complaint, ¶1.[1]

3.    Labrador asserts class action claims on behalf of herself and the putative class for unpaid wages (Cal. Labor Code §§ 203, 226, 558, 1194, 1194.2, 1197, 1197.1, and IWC Wage Order No. 7-2001); overtime wages (29 U.S.C. § 216 (b); Cal. Labor Code §§ 510, 1194, and IWC Wage Order Nos. 4-2000 and 4-2001); failure to pay wages for compensable meal break periods (Cal. Labor Code §§ 218.5, 218.6, 226.7, 512, 516, 558, and IWC Wage Order No. 7-2001); failure to pay wages for compensable rest break periods (Cal. Labor Code §§ 226.7, 516, and IWC Wage Order No. 7-2001 ); failure to pay minimum wage/"off the clock" work

---

[1] While Labrador initially defines the putative class as "sales associates" or similarly situated positions, she later broadly refers to the putative class as "hourly, non-exempt California employees." Complaint, III.  Therefore, the putative class may be as broad as "all non-exempt California employees."   But, for purposes of this Notice of Removal, Diesel will presume that Labrador seeks certification of only "sales associates" or similarly situated positions.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT

(Cal. Labor Code § 226 and IWC Wage Orders Nos. 4-2000 and 4-2001); failure to pay compensation at the time of termination (Cal. Labor Code §§ 201, 202, 203, 218.5, and 218.6, and IWC Wage Order No. 7-2001); failure to furnish itemized wage statements (Cal. Labor Code § 226(a)); and unfair business acts and practices (Cal. Business & Professions Code § 17200-17208).   Complaint, ¶¶ 1-6, 42-96. Additionally, Labrador asserts a representative claim on behalf of all employees for violation of Labor Code Section 2698 *et seq.*, Labor Code Private Attorney General Act of 2004 ("PAGA"). Complaint, ¶¶ 1, 97-101.  Labrador requests monetary and other relief, including declaratory judgments, interest, attorney's fees and costs. Complaint, ¶¶ 4, 6, 47, 52, 59, 60, 66, 70, 74, 83, 87, 96, 98, 100, 101; Prayer for Relief ¶¶ 3-28. The liability period is defined in the Complaint as "within the applicable statutory period," which is four years after the cause of action accrued under the Unfair Competition Law.  Complaint, III; Cal. Bus. & Prof. Code § 17208.

### Compliance with Statutory Requirements

4.     On December 2, 2010, Labrador served Diesel with the Complaint. Diesel is timely removing this matter within thirty (30) days of Labrador's completion of service. *See* 28 U.S.C. § 1446(b).

5.     In accordance with 28 U.S.C. § 1446(a), a true and correct copy of the Summons and Class Action Complaint, filed in the Superior Court of California, County of San Francisco, on is attached hereto as Exhibit "A."  Attached hereto as Exhibit "B" is a copy of Diesel's Answer to the Class Action Complaint, filed in the Superior Court of California, County of San Francisco, on January 3, 2011. Attached hereto as Exhibit "C" is the Civil Case Cover Sheet, filed on December 1, 2010, wherein Labrador designates the state court action complex.  Attached hereto as Exhibit "D" is a copy of a Notice to Plaintiff of a case management conference scheduled for May 6, 2010.  Diesel has not served or been served with any other process, pleadings, or orders in this action.

6.     Pursuant to 28 U.S.C. § 1446(d), Diesel promptly will provide written notice of removal of the action to Labrador, and promptly will file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California, County of San Francisco.

### Intradistrict Assignment

7.     Labrador filed this case in the Superior Court of California, County of San Francisco; therefore, this case may properly be removed to the San Francisco Division of the Northern District of California.  28 U.S.C. § 1441(a).

### Federal Question Jurisdiction

8.     As Labrador has alleged violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (2007), Complaint, ¶¶ 1, 48-52,  this action is one over which this Court has original federal question jurisdiction under 28 U.S.C. § 1331, and therefore this matter may be removed to this Court pursuant to 28 U.S.C. §§ 1441 (a) and (b) without regard to the citizenship or residence of the parties.

### Diversity Jurisdiction

9.     This action is also one over which this Court has original diversity jurisdiction, under the Class Action Fairness Act of 2005, Pub. L. 109-2, 119 Stat. 4 (2005) ("CAFA"), codified in various section of Title 28 of the United States Code including 28 U.S.C. §§ 1332 (d) & 1453.

10.     CAFA provides that a civil action against a non-governmental entity may be removed to federal court if (1) it is a "class action"; (2) the number of members of all proposed plaintiff classes is not less than 100; (3) at least one member of the proposed class is a citizen of a state different from one defendant; and (4) the matter in controversy exceeds the sum or value of $5 million, exclusive of interest and costs.  *See* 28 U.S.C. §§ 1332(d) (2), 1332 (d) (5) & 1453 (b).   As set forth below, this action satisfies all of the requirements for removal under CAFA.

NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT

**A.**   **Class Action**

11.   CAFA defines "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar state statute or rule of judicial procedure authorizing an action to be brought by one or more representative persons as a class action." 28 U.S.C. § 1332 (d) (1) (B).  Labrador styles the Complaint as a "Class Action," and alleges that this action is brought as a "representative class action." Complaint, II, ¶ 1.   Accordingly, the allegations of the Complaint demonstrate that this action is a "class action" as defined by 28 U.S.C. § 1332(d) (1) (B).[2]

**B.**   **Class Size**

12.   CAFA's requirement that the proposed class contain at least 100 members is satisfied.  CAFA allows removal of any class action where the "number of members of all proposed plaintiff classes" is not less than 100.  28 U.S.C. § 1332(d) (5).  Labrador alleges that "the members of the putative class exceeds [sic] 500 persons." Complaint, III, § 9 at p. 8.

**C.**   **Citizens of Different States**

13.   CAFA requires that "any member of a class of plaintiffs is a citizen of a State different from any defendant."  28 U.S.C. § 1332(d) (2) (A).  Labrador alleges that she is a "resident of the State of California."  Complaint, I, ¶ 2. Residency provides a prima facie case of domicile of establishing citizenship for purposes of diversity jurisdiction.  *See Smith v. Simmons*, No. 1:05-CV-01187-OWW-GSA, 2008 WL 744709, at * 7 (E.D.Cal. Mar. 18, 2008) (citing *State Farm Mut. Auto. Ins. Co. v. Dyer,* 19 F.3d 514, 520 (10th Cir.1994).  Labrador may therefore be considered a citizen of California.

Pursuant to Section 1332(c), "a corporation shall be deemed to be a citizen of

---

[2]For purposes of this Notice of Removal, Diesel presumes that this action qualifies as a "class action" under Federal Rule of Civil Procedure 23.  As Diesel notes below in its General Statement, it neither concedes that this suit should proceed as a class action nor that any member is appropriately included in the putative class.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT

1   any State by which it has been incorporated and of the State where it has its

2   principal place of business." 28 U.S.C. § 1332(c) (1). Under this definition of

3   citizenship, Diesel is not a citizen of California. It is a corporation incorporated

4   under the laws of the State of Delaware[3] and, contrary to Labrador's allegation in

5   the Complaint (*see* ¶ 5), its principal place of business is in New York. New York

6   is the state where Diesel's headquarters are located. It is the state where Diesel's

7   high level officers direct, control, and coordinate its activities. It is the state where

8   each member of Diesel's Executive Team, comprised of the Chief Executive

9   Officer, Chief Operating Officer, Senior Vice President of Retail and Wholesale,

10  Vice President of Marketing, and Vice President of Human Relations, individually

11  work and collectively meet. *See* Jackson Decl., at ¶ 2. The United States Supreme

12  Court has recently and notably held that a company has only one principal place of

13  business, which can be determined by applying the "nerve center" test, which

14  inquires as to the place where a "corporation's officers direct, control, and

15  coordinate the corporation's activities."*The Hertz Corp. v. Friend*, 130 S.Ct. 1181,

16  1192-1193 (2010) (specifically rejecting the determination of a company's

17  "principal place of business" based solely on the state where it conducts the greatest

18  proportion of its business).

19       14.    Thus, there is adequate diversity under CAFA because Labrador is a

20  citizen of California and thus different from the New York or Delaware citizenship

21  of Diesel.

22       **D.    Amount of Matter In Controversy**

23       15.    The amount of controversy exceeds the $5,000,000 jurisdictional

24  requirement. To be sure, Diesel does not concede liability on Labrador's claims,

25  whether those she asserts individually or on behalf of the putative class. In her

26  Complaint, Labrador does not allege a specific dollar amount in damages that she

27

28  [3] Diesel notes that Labrador has erroneously identified and sued Diesel as a "New York corporation." Diesel is a Delaware corporation. *See*Jackson Decl., ¶ 2.

NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT

1    suffered personally, or that any other individual suffered. Diesel, therefore, must

2    establish that the amount in controversy meets the jurisdictional threshold. *See*

3    *Lewis v. Verizon Communications, Inc.*, No. 10-56512, 2010 WL 4645465, at *1

4    (9th Cir. Nov. 18, 2010) (citing *Guglielmino v. McKee Foods Corp.,* 506 F.3d 696,

5    699 (9th Cir.2007). Diesel may meet this burden by relying upon facts presented in

6    the removal petition as well as any "summary-judgment-type evidence relevant to

7    the amount in controversy at the time of removal." *Singer v. State Farm Mut. Auto.*

8    *Ins. Co.,* 116 F.3d 373, 377 (9th Cir.1997) (citing *Allen v. R & H Oil & Gas Co.,* 63

9    F.3d 1326 (5th Cir.1995); *Lewis*, 2010 WL 464565, at *1. The Complaint seeks

10   recovery of unpaid wages, overtime wages, waiting time penalties for wages

11   allegedly not timely paid upon separation, meal and rest period premiums,

12   minimum wage/"off the clock" work, statutory penalties for alleged inaccurate

13   wage statements, statutory penalties under PAGA; liquidated damages, and

14   attorneys' fees. Complaint ¶¶ 4, 6, 47, 52, 59, 60, 66, 70, 74, 83, 87, 98,100, 101,

15   and Prayer for Relief, ¶¶ 15-28.

16        Based on the nature of the allegations, substantial class size, and damages

17   sought, Labrador's Complaint meets the amount-in-controversy threshold necessary

18   to establish this Court's original diversity jurisdiction under CAFA.

19        a.    **Overtime Wages.** Labrador seeks unpaid overtime wages

20   under both the California Labor Code and the FLSA on behalf of herself and others

21   similarly situated. Complaint, ¶ 48-60. An overtime claim under federal law

22   provides 1.5-times the regular rate of pay for each hour worked in excess of forty

23   (40) hours in one workweek ("weekly overtime"), and California law also provides

24   for this claim. Cal. Lab. C. § 510(a); 29 U.S. C. § 207 (a) (1).

25        Labrador does not allege a "regular rate of pay" for any class member.

26   However, each class member's average regular rate of pay was at least $8 per hour,

27   the state's current minimum wage. *See* Jackson Decl., at ¶ 3. Thus, each class

28   member's overtime rate would be at least $12 per hour. Similarly, Labrador does

NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT

1  not allege the approximate number of overtime hours worked for any class member.

2  She does, however, allege that class members "were regularly required to work in

3  excess of forty (40) hours per week without overtime." Complaint ¶ 49.   She also

4  alleges that Diesel consistently failed to provide required half hour meal periods

5  throughout the statutory period.   Complaint, ¶¶ 4, 63.   Presuming each class

6  member worked 5 days a week through the meal period, Labrador is seeking at least

7  2.5 hours of weekly overtime.   *See* Jackson Decl. at ¶ 4.   Even if an average class

8  member was only employed for two years during the statutory period, or 104

9  weeks, this would result in unpaid overtime wages of $1, 560,000.00.[4]

10          b.      **Missed Meal and Rest Period Compensation**. Labor Code § 226.7

11  provides for one additional hour of pay at the employee's regular rate of

12  compensation for each work day that the meal or rest period is not provided, called

13  a meal or rest period "premium."   Labrador seeks a meal and rest period premium

14  for each day that each class member was not provided a meal and rest break.

15  Complaint, ¶¶ 67-70.   Assuming one missed meal period and one missed rest period

16  per day, given Labrador's allegation that "Diesel required its employees to

17  consistently work through their breaks or lunch hours [...] " Complaint, II, ¶ 3, this

18  results in a total of ten missed meal and rest periods per week.   Based on the class'

19  regular rate of pay of $8 per hour for 104 weeks, the missed meal and rest period

20  claim puts an additional $4,160,000.00 in controversy.[5]

21          c.      **Inaccurate Wage Statements**. Labrador alleges that Diesel violated

22  Labor Code § 226 by not furnishing wage statements that accurately provide

23  statutorily-required information.   Complaint, ¶¶ 84-88.   Labor Code § 226(a)

---

[4] Diesel used the following formula to calculate Labrador's class claim for overtime: Each class member's regular rate of pay multiplied by 1.5 multiplied by 2.5 overtime hours per week multiplied by the number of weeks worked multiplied by the number of class members.  In other words, 8 x 1.5 x 2.5 x 104 x 500= $1, 560,000.00.

[5] Diesel used the following formula to calculate Labrador's class claim for meal and rest period violations: Each class member's regular rate of pay multiplied by 10 meal and rest period premiums per week multiplied by the number of weeks worked multiplied by the number of class members.  In other words, 8 x 10 x 104 x 500 = $4,160,000.00.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT

1    requires an employer to maintain such records for three years[6], while § 226(e)

2    provides a statutory penalty of $50 for an initial violation of this section and $100

3    for every subsequent violation, but not to exceed $4,000.   The statute of limitations

4    for a Labor Code § 226(a) violation is one year. *See* Cal. Code Civ. Proc. §  340(a).

5    Each class member received 26 paychecks during the one year limitations period.

6    *See* Jackson Decl., at ¶ 4.  Because this results in a total penalty of $2,550 per class

7    member, the inaccurate wage statement claim adds a total of $1, 275,000.00.

8              d.      **Waiting Time Penalty**.  Labor Code § 203(a) provides a penalty

9    against an employer who "willfully fails to pay [. . .] any wages of an employee

10   who is discharged or quits."  Under Section 203, the wages of the separated

11   employee continue from the date they were due until they are paid for up to thirty

12   days.  The typical turnover rate for sales associates or other similarly situated

13   positions was approximately 39 % during the statutory period. *See* Jackson Decl.,

14   at ¶5.  Thus, based on both a regular rate of pay of $8.00 per hour and assuming

15   that 39% of the class has separated, this claim adds an additional $374,400.00 in

16   controversy.[7]

17            16.     In short, the amount in controversy requirement under CAFA is

18   satisfied because, without even calculating the potential recovery of PAGA

19   penalties, liquidated damages, and attorneys' fees, the Complaint alleges an amount

20   in controversy of approximately $7,369,400.00, exceeding the requisite threshold

21   amount of $5,000,000.

22

23

24   [6] Though Labrador fails to allege any specific time period in which Diesel allegedly committed
     this violation, it is safe to assume that Labrador has alleged that the violation occurred throughout
25   the Liability Period, since she bases this violation on Diesel's "policy and practice of knowingly
     and intentionally failing to furnish to Plaintiff, at the time of each payment of wages, an itemized
26   statement in writing showing [...] the total hours actually worked.   Complaint, ¶ 86.
     [7] Diesel calculated Labrador's class claim for waiting time penalties using the following formula:
27   each class member's regular rate of pay multiplied by 8 hours per day multiplied by 30 days
     multiplied by 39% multiplied by the number of class members.  In other words, $8 x 8 x 30 x .39
28   x 500= $374,400.00.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 8 -

### General Statement

17.    In alleging the bases for removal, Diesel does not concede in any way that any of the the allegations in the Complaint are accurate, that any or all of its current or former sales associates, or those holding similar positions or classified as non-exempt, are entitled to overtime pay or compensation for missed meal and rest breaks, or inaccurate wage statements, or any of the statutory or civil penalties or related damages alleged in the Complaint, or are appropriately included in the putative class.  Nor does Diesel concede that Labrador is personally entitled to any recovery alleged in the Complaint.

18.    WHEREFORE, the above-titled action is hereby removed to this Court from the Superior Court of the State of California, County of San Francisco.


Dated:  January 3, 2011                          ARENT FOX LLP


                                                 By:
                                                    Harry I. Johnson
                                                    Paul Rigali
                                                    Attorneys for Defendant
                                                    DIESEL U.S.A., INC.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 9 -

NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT

# EXHIBIT A

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:** Diesel U.S.A., INC., a New York
*(AVISO AL DEMANDADO):* corporation; and DOES 1-100,
inclusive

**YOU ARE BEING SUED BY PLAINTIFF:** Megan Labrador,
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* individually and on
behalf of all others similarly situated

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br><br>San Francisco Superior Court<br>400 McAllister Street<br><br>San Francisco, CA 94102 | CASE NUMBER:<br>*(Número del Caso):*<br><br>CGC-10-505710 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Daniel L. Feder                                                      415-391-9432
The Law Office of Daniel Feder
332 Pine Street, Suite 700
San Francisco, CA 94133

DATE:                              **CLERK OF THE COURT**   Clerk, by                                    , Deputy
*(Fecha)* DEC 0 1 2010                         *(Secretario)* ROSALYE E. DE LA VEGA NAVARRO   *(Adjunto)*
BY FAX

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify)*:

3. [ ] on behalf of *(specify)*:

   under: [ ] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [ ] other *(specify)*:
4. [ ] by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal
Solutions
& Plus

Code of Civil Procedure §§ 412.20, 465

*(Seal: SUPERIOR COURT OF CALIFORNIA COUNTY OF SAN FRANCISCO)*

1    Daniel L. Feder, Esq., SB # 130867
      **LAW OFFICES OF DANIEL FEDER**
2    332 Pine Street, Suite 700
      San Francisco, CA 94104
3    Telephone: (415) 391-9000
      Facsimile: (415) 391-9432
      Email: danfeder@pacbell.net
4

5    Attorneys for Plaintiff
      MEGAN LABRADOR

*CASE MANAGEMENT CONFERENCE SET*

*MAY 0 6 2011 -9ᴬᴹ AM*

**FILED**
COUNTY OF SAN FRANCISCO
SUPERIOR COURT

DEC 0 1 2010

CLERK OF THE COURT
By:
Deputy Clerk

6

7

8

9            SUPERIOR COURT FOR THE CITY AND COUNTY OF

10                SAN FRANCISCO    C G C - 1 0 - 5 0 5 7 1 0

11    MEGAN LABRADOR, individually and    )    **PLAINTIFFS' CLASS ACTION**
12    on behalf of all others similarly situated,    )    **COMPLAINT FOR:**

| | |
|---|---|
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| DIESEL U.S.A., INC., a New York | ) |
| corporation; and DOES 1-100, inclusive, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |

         1. **FAILURE TO PAY ALL WAGES;**
         2. **FAILURE TO PAY OVER TIME WAGES;**
         3. **FAILURE TO PROVIDE MEAL PERIODS;**
         4. **FAILURE TO PROVIDE REST BREAKS;**
         5. **STATUTORY WAGE VIOLATIONS (LATE PAYMENT OF WAGES);**
         6. **UNLAWFULLY WITHHELD WAGES;**
         7. **MINIMUM WAGES/OFF THE CLOCK;**
         8. **UNLAWFUL BUSINESS PRACTICES PURSUANT TO BUS. & PROF. CODE SECTION 17200;**
         9. **UNJUST ENRICHMENT;**
      10. **DECLARATORY RELIEF;**
      11. **LIQUIDATED DAMAGES;**
      12. **UNREIMBURSED BUSINESS RELATED EXPENSES;**
      13. **ATTORNEYS FEES & COSTS**
      **PLAINTIFFS' REPRESENTATIVE ACTION FOR:**
      14. **VIOLATION OF *LABOR CODE***

**BY FAX**

---

           CLASS ACTION COMPLAINT
        Megan Labrador v. Diesel U.S.A., Inc., et al.

1

**SECTION 2699 (*PAGA CLAIMS*)**

2

**JURY TRIAL DEMANDED**

3

[*California Labor Code* §§ 200, 201, 202,

4

203, 204, 210, 216, 218.5, 218.6, 225.5,
226, 226.3, 226.7, 500, 510, 512, 516, 558,

5

1174, 1174.5, 1194, 1194.2, 1197, 1197.1,
1198, 2699, 2699.3, 2802, 2926 & 2927;

6

*Bus. & Prof. Code* 17200, et seq.; *Code

7

Civ. Proc.* § 382; *Cal. Rules of Court*, Rule
1580, et seq.; and *IWC Wage Order* 7-

8

2001.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## I.   JURISDICTION & VENUE

2       1.   Plaintiff, MEGAN LABRADOR, individually, and in a representative capacity

3   and on behalf of all other similarly situated current and former employees of Defendants

4   (hereinafter employees are collectively known as "PLAINTIFF"), allegeS as follows:

5       2.   PLAINTIFF IS, and at all relevant times referenced herein, present and/or former

6   residents of the State of California.  PLAINTIFF is a former non-exempt hourly employee of

7   Defendants, DIESEL U.S.A., INC., and DOES 1 through 50 (hereinafter collectively known as

8   "DIESEL" or "DEFENDANTS").

9       3.   Defendant DIESEL U.S.A., INC. ("DIESEL") is a New York corporation doing

10  business currently and at all relevant times in this complaint in California.  DIESEL is a clothing

11  designer and retailer.  DIESEL operates retail stores and retail outlets throughout the State of

California.

12      4.   PLAINTIFF lacks sufficient information and belief to allege the true names and

13  capacities of defendants sued herein as DOES 1 through 500, inclusive.  For that reason,

14  PLAINTIFF sues said fictitiously named defendants by such fictitious names.  When the true

15  names, nature and capacity of said fictitiously named defendants are ascertained, PLAINTIFF

16  shall amend this Complaint accordingly.  At all times herein mentioned, all defendants herein,

17  whether named or unnamed were and are responsible and liable to PLAINTIFF for all of the

18  PLAINTIFF's damages and other relief prayed for herein.  PLAINTIFF alleges on information

19  and belief that at all times herein mentioned, each of the defendants herein, whether named or

20  unnamed, was the agent, servant employee, co-conspirator, co-adventurer, and employee of each

21  other defendant herein, whether named or unnamed.  With respect to each action and inaction

22  pled in the following paragraphs, each of the defendants, whether named or unnamed, was acting

23  within the course and scope of their agency and employment and was acting with the full

24  knowledge, consent, ratification and approval of each other defendant herein, whether named or

25  unnamed.

26      5.   Venue is proper in this Court because the acts and/or omissions and events set

27  forth in this Complaint occurred in whole or in part in the County of San Francisco, located in

28

1   California. The Defendants principle place of business is in the County of San Francisco, and

2   Plaintiff was employed by Defendants in the County of San Francisco.

## II.   FACTUAL BACKGROUND FOR ALL CLAIMS

4      PLAINTIFF has not been paid wages due to her under California law. PLAINTIFF,

5   pursuant to California's strong policy of assuring payment of earned wages, seeks further

6   appropriate recoveries including statutory damages, costs of suit, attorneys' fees, interest and

7   other relief the Court deems appropriate.

8      1.     This action is brought as a representative class action to recover for unpaid wages,

9   unpaid overtime compensation, unpaid and unlawfully withheld wages, un-reimbursed business-

10   related expenses, meal period violations, rest break violations, liquidated damages, restitution, as

11   well as other statutory and civil penalties and damages owed to Plaintiff and all other employees

12   employed by, or formerly employed by, DEFENDANTS, and Does 1 through 50, as well as their

13   subsidiaries, predecessors and affiliated companies ("DEFENDANTS") pursuant to the *Fair*

14   *Labor Standards Act of 1938* ("FLSA"), 29 U.S.C. § 216(b), *California Labor Code* sections

15   201-203, 226, 226.7, 510, 512, 1194, 1194.2, 1197, 2699 and 2802, IWC Wage Order Nos.

16   4-2000 and 4-2001, and *California Business & Professions Code* sections 17200-17208

17   ("UCL"). Plaintiff MEGAN LABRADOR (hereinafter referred to as "PLAINTIFF") brings this

18   collective and class action on behalf of themselves and a class consisting of all individuals who

19   are or previously were employed by DEFENDANTS in California, in positions entitled "sales

  associate, or in any other similarly situated position during the Liability Period.

20      2.     DIESEL requires its employees to work in excess of 8 hours per day, without

21   compensating its employees at the premium rate(s) of pay required by California law, including

22   but not limited to, *Labor Code* sections 500, 510, 1194, 1198, ,2926 and 2927, and California

23   *Industrial Welfare Commission* (hereinafter "IWC") wage orders, including but not limited to 7-

24   2001. California law requires employees who work in excess of 8 hours per day to be

25   compensated at a premium hourly rate of 1½ times the regular, effective hourly rate, and for all

26   hours in excess of 12 hours per day to be compensated at 2 times the regular, effective hourly

27   rate. California law also requires employees who work in excess of 40 hours per week to be

28   compensated at a premium, hourly rate of at least 1½ times the regular, effective hourly rate for

1    all hours over 40 per week. By forcing employees to work overtime without proper pay,

2    DIESEL violated the premium over time rate requirements as mandated by California law.

3         3.       DIESEL required its employees to work hours for which it did not compensate

4    them at the minimum rate of pay for all hours worked when those wages were due. In so doing,

5    DIESEL violated the requirements of California law, including but not limited to, California

6    *Labor Code* sections 1197, 2926 and 2927 and *IWC* wage orders, including but not limited to 7-

7    2001. DIESEL failed to provide appropriate rest and meal periods as required by California law,

8    including but not limited to California *Labor Code* sections 226.7, 516, 2926, 2927 and *IWC*

9    wage orders, including but not limited to 7-2001. In addition, DIESEL required its employees to

10   consistently work through their breaks or lunch hours and/or required that they open and close

11   the store, for which it did not compensate them at the minimum rate of pay for all hours worked

12   when those wages were due. In so doing, DIESEL violated the requirements of California law,

13   including but not limited to, California *Labor Code* sections 1197, 2926 and 2927 and *IWC* wage

     orders, including but not limited to 7-2001.

14        4.       DIESEL failed to pay PLAINTIFF and other employees whose employment has

15   ended, all earned wages when required by California *Labor Code* sections 201, 202, 203, 210,

16   2926 and 2927 and *IWC* wage orders, including but not limited to 7-2001, entitling PLAINTIFF

17   and all other similarly situated former employees in the class to unpaid/lost wages, overtime,

18   premium pay, statutory wages and related sums, civil penalties, attorneys' fees and costs, and

19   interest as authorized by California law.

20        5.       DEISEL failed to properly compensate its employees for all hours worked, and

21   failed to comply with overtime compensation requirements. DIESEL failed to provide rest

22   and/or meal periods as required by California law. PLAINTIFF, and other similarly situated

23   employees, worked for DIESEL and/or DEFENDANTS and are owed wages. PLAINTIFF, and

24   other similarly situated employees was allowed, suffered and permitted to work "Off-the-Clock"

25   (hereinafter the time and practice of not paying for all hours worked will be referred to "Off-the-

26   Clock"). DIESEL's practice of working employees Off-the-Clock caused DIESEL not to pay for

27   all hours worked. When PLAINTIFF's employment was ended with DIESEL, DIESEL failed to

28   make immediate payment of all wages when due as required by California law.

6.     DIESEL's actions, detailed above, were part of a statewide and/or nationwide corporate plan and scheme which affected all employees who worked in company-owned branches. As a direct and proximate result of DIESEL's illegal, company-wide plan, practice and scheme, PLAINTIFF was: (1) required to work overtime without "overtime" and/or "premium" pay; (2) not paid minimum wages; (3) required to work through mandatory rest and/or meal periods; (4) not properly paid for all hours worked and required to work Off-the-Clock without compensation; (5) not paid all wages due upon termination of employment; and (7) victimized by DIESEL's policies and practices set forth herein. PLAINTIFF is entitled to recover unpaid/lost wages, overtime wages, premium pay, statutory wages and related sums, civil penalties, attorneys' fees and costs, and interest as authorized by California law.

7.     PLAINTIFF requests that the Court order notice to all similarly situated current and former Employees who worked for DEFENDANTS informing them of the pendency of this action for the purpose of seeking overtime compensation, unpaid wages, expense reimbursement, penalties, and liquidated damages as alleged herein. PLAINTIFF will also seek class certification with Court approved notice.

8.     PLAINTIFF, current and former employees of DIESEL, allege as follows:

9.     PLAINTIFF alleges, upon information and belief, that DEISEL, a New York corporation is, at all times referenced herein, a corporation and/or other business entity organized and existing under the laws of the State of California.

10.     PLAINTIFF was employed by DIESEL in California during the applicable statute of limitations period, and/or terminated her employment within said time. PLAINTIFF was employed by DIESEL and/or its affiliates in California and PLAINTIFF set forth the identity of such "employer" DEFENDANTS by virtue of DEFENDANTS' corporate documents and other documents.

11.     PLAINTIFF brings this action individually, as a representative action, and on behalf of a class consisting of similarly situated current and former, non-exempt hourly employees of DIESEL who currently and/or formerly work/worked in the State of California.

12.     The true names and capacities of Defendants, DOES 1 through 50, inclusive, are presently unknown to PLAINTIFF, who therefore sues said Defendants by such fictitious names.

4

1   PLAINTIFF will seek leave of court to amend this Complaint to insert the true names and

2   capacities of said fictitiously named Defendants when the same have been ascertained.

3        13.    PLAINTIFF alleges that Defendants DIESEL and DOES 1 through 50, inclusive,

4   acted together in committing the violations of the California *Labor Code*, Wage Orders and other

5   laws/regulations alleged herein.

6        14.    PLAINTIFF is informed and believes, and thereon allege, that each of the

7   Defendant DOES designated herein is contractually, vicariously, or legally responsible in some

8   manner for the events and happenings hereinafter alleged, either through said Defendant DOES'

9   own conduct or through the conduct of its agents, servants, consultants, joint ventures and

10   employees, and each of them, or in some other manner.

11        15.    PLAINTIFF is informed and believes, and thereon alleges, that at all relevant

12   times herein mentioned, each of the DEFENDANTS was the agent, representative, principal,

13   servant, employee, partner, alter ego, joint venture, successor-in-interest, assistant and/or

14   consultant of each and every remaining DEFENDANT, and as such, was at all times acting

15   within the course, scope, purpose and authority of said agency, partnership and/or employment,

16   and with the express or implied knowledge, permission, authority, approval, ratification, and

17   consent of the remaining DEFENDANTS, and each DEFENDANT was responsible for the acts,

18   alleged herein, were "employers" as set forth by California law, and all DEFENDANTS herein

19   were also negligent and reckless in the selection, hiring and supervision of each and every other

20   DEFENDANT as an agent, representative, principal, servant, employee, partner, alter ego, joint

    venture, successor-in-interest, assistant and/or consultant.

21        16.    DIESEL, at all material times herein, was/were doing business in various

22   Counties in the State of California, including but not limited to in the County of San Francisco,

23   California.

24        17.    This Court has personal jurisdiction over Defendants, which: (1) conduct business

25   in the State of California through its establishments in California; (2) hire and maintain

26   employees in the State of California; and (3) avail itself of the protection of the laws of the State

    of California.

27

28

5

**CLASS ACTION COMPLAINT**
LABRADOR v. Diesel U.S.A., Inc., et al.

18.     Venue is proper in this Court because Defendants committed the acts complained of herein in San Francisco County, as well as in other locations throughout the State of California.

### *PLAINTIFF'S INJURIES*

1.  Plaintiff was employed by Defendants from November 2004 through the June 27, 2008 as a sales associate who purported received minimum wage and commissions for sales.

2.  Defendants categorized Plaintiff, as well as all other "sale associates" in their locations throughout California, as "non- exempt" employees.

3.  Defendants failed to pay Plaintiff for all hours worked, including, but not limited to, over-time hours. Defendants failed to authorize and permit Plaintiff to take required meal and rest periods and to furnish Plaintiff with wages for denied meal and rest periods as is required by law.

### III.    CLASS ACTIONS ALLEGATIONS

### DEFINITION OF CLASS -

PLAINTIFF seeks class certification pursuant to California wage and hour law, as well as case and statutory law, *IWC* wage orders, including but not limited to, 7-2001, and the provisions of California Law relating to Class Action joinder, including but not limited to, *Code of Civil Procedure* section 382 and California *Rules of Court*, Rule 1580, et seq on behalf of themselves and the following class or classes of employees and former employees of DIESEL, who, within the Liability Period, have worked as hourly, non-exempt California employees:

1.     **UNPAID WAGES CLASS** – For PLAINTIFFS that have worked for DIESEL who were required or permitted to work in excess of forty (40) hours per week without being paid overtime compensation in violation of *California Business & Professions Code* section 17200. In addition, for all PLAINTIFFS that have worked for DIESEL, within the applicable statutory prior, and were not paid all their wages earned, who were not provided accurate wage statements, and who have wages that remain due and unpaid.

2.     **OVERTIME CLASS** – For PLAINTIFFS that have worked for DIESEL who were required or permitted to work in excess of eight (8) hours per day or forty (40) hours per

week without being paid overtime compensation in violation of *California Labor Code section 510* and *California Business & Professions Code section* 17200. For PLAINTIFFS that have worked for DIESEL, within the applicable statutory period prior to the filing of this Complaint, and were not paid at the applicable premium rate for all hours worked in excess of the statutory maximum hours per day, and in excess of the statutory maximum hours per week, who were not provided accurate wage statements, and who have overtime wages that remain due and unpaid.

3. **MINIMUM WAGE CLASS** - For PLAINTIFFS who have worked for DIESEL, within the applicable statutory period prior to the filing of this Complaint, whose wages for all hours worked were paid at a rate less than the minimum wage rate then in effect, who were not provided accurate wage statements, and who have minimum wages that remain due and unpaid. In addition, DIESEL required it's workers to reimburse the company for "returns",in so doing, DIESEL violated the requirements of California law, including but not limited to, California *Labor Code* sections 1197, 2926 and 2927 and *IWC* wage orders, including but not limited to 7-2001.

4. **UNPAID REST AND MEAL PERIOD WAGES CLASS** - For PLAINTIFFS who did not receive required rest and meal periods as required by California law, including but not limited to, California *Labor Code* sections 226.7 and 516, and *IWC* wage orders, including but not limited to, 7-2001, who were not provided accurate wage statements, and who have meal period wages that remain due and unpaid.

5. **UNPAID REST PERIOD CLASS** - For PLAINTIFFS who worked for DIESEL within the applicable statutory period prior to the filing of this Complaint, and did not receive required rest periods as required by California law, including but not limited to, California *Labor Code* sections 226.7 and 516, and *IWC* wage orders, including but not limited to, 7-2001.

6. **UNPAID MEAL PERIOD CLASS** - For PLAINTIFFS who worked for DIESEL within the applicable statutory period prior to the filing of this complaint, and did not receive required meal periods as required by California law, including but not limited to, California *Labor Code* sections 226.7 and 516, and *IWC* wage orders, including but not limited to, 7-2001.

7. **LATE PAYMENT CLASS** - For PLAINTIFFS who worked for DIESEL during the applicable statutory period prior to the filing of this Complaint who did not receive all wages when due upon termination of employment with DIESEL as required by California law, including but not limited to, California *Labor Code* sections 201, 202, 203 and 2926.

8. **WAGE STATEMENT VIOLATIONS**- For PLAINTIFFS who worked for DIESEL who were not furnished with proper itemized wage statements in violation of *California Labor Code section* 226, subdivision (a) and *California Business & Professions Code* section 17200

9. **NUMEROUSITY** - Based on information and belief, the members of the putative class exceeds 500 persons. This number may increase, depending upon the turnover rate for employees over the applicable statutory period prior to the filing of this Complaint.

10. **COMMONALITY**. There are questions of law and fact common to the class which predominate over any questions affecting only individual members of the class including, but not limited to, the following: - Common questions of fact and law exist as to all class and subclass members and predominate over any questions that affect only individual class members. The conduct at issue in this case affected all former DIESEL employees. Common questions include, but are not limited to:

a. Whether DIESEL violated *California Business & Professions Code* section 17200-17208, by failing to pay proper overtime compensation to Sales Associate Employees for hours worked in excess of forty (40) hours per week as alleged herein;

b. Whether DIESEL violated *California Labor Code section* 510, *IWC Wage Order Nos.* 4-2000 and 4-2001, and *California Business & Professions Code sections* 17200-17208, by failing to pay proper overtime compensation to PLAINTIFFS for hours worked in excess of eight (8) hours per day or forty (40) hours per week as alleged herein;

c. Whether DIESEL denied PLAINTIFFS meal breaks in violation of *California Labor Code sections* 226.7 and 512, *IWC Wage Order Nos.* 4-2000 and 4-2001, and *California Business & Professions Code sections*17200-17208 as alleged herein;

d. Whether DIESEL denied PLAINTIFFS rest breaks in violation of *California Labor Code sections* 226.7 and 516, *IWC Wage Order Nos.* 4-2000 and 4-2001, and *California Business & Professions Code sections* 17200-17208 as alleged herein;

e. Whether DIESEL violated *California Labor Code sections* 201-203 by failing to timely pay PLAINTIFFS all overtime compensation and any other wages due at the time of termination of employment as alleged herein; and

f. Whether DIESEL fulfilled its reimbursement obligation under *California Labor Code section* 2802, by paying an enhanced per incident rate to PLAINTIFFS; and

g. Whether DIESEL violated *California Labor Code section* 226, subdivision (a), and *California Business & Professions Code section* 17200 by failing to furnish to PLAINTIFFS proper itemized wage statements as alleged herein; and

h. Whether DIESEL is subject to the available remedies for the violations of California wage and hour laws.

i. **TYPICALITY** – The claims of the Named PLAINTIFFS are typical of the claims of the class members. The Named PLAINTIFFS were subject to the same violations of applicable rights under California law and seek the same type of damages, restitution, and other relief on the same theories and legal grounds as those of the class members they seek to represent.

11. **ADEQUACY OF REPRESENTATION** - The Representative PLAINTIFF will fairly and adequately represent and protect the interests of the Class members. PLAINTIFF'S counsel are competent and experienced in litigating employment class actions, consumer class actions, and other complex litigation matters, including wage and hour cases for unpaid minimum wages, overtime compensation, meal period and rest break violations, and waiting time violations similar to the present claims.

39. **SUPERIORITY**. This class action is superior to other available means for the fair and efficient adjudication of the claims of the Class Members. It would be virtually impossible for the Class Members to individually obtain redress for the wrongs done to them. Even if the individual Class Members could afford such individual litigation, the court system could not. Individualized litigation presents a potential for inconsistent or contrary judgments.

9

1 By contrast, the class action device presents far fewer management difficulties, and provides the

2 benefits of single adjudication, economy of scale, and comprehensive supervision by a single

3 court.

4     40.    Class certification is appropriate because questions of law and fact common to the

5 class members predominate over any questions affecting only individual class members. Each

6 class member has been damaged and is entitled to recovery by reason of DIESEL' unlawful and

7 unfair policies and practices as alleged herein.

8        **V.**    **FIRST CLAIM FOR UNPAID WAGES**

9           (As Against all DEFENDANTS)

10     42.    As a FIRST, separate, and distinct cause of action, PLAINTIFF complains against

11 ALL DEFENDANTS and DOES 1 through 50, inclusive, and re-alleges all the allegations

12 contained in this complaint and incorporates them by reference into this cause of action as

13 though fully set forth herein.

14     43.    Within the applicable statutory periods prior to the filing of this Complaint,

15 DIESEL failed to pay PLAINTIFF, and other similarly situated class members, all their wages

16 due. Additionally, DIESEL failed to provide PLAINTIFF with accurate time records and

17 earnings statements as required by *Labor Code* section 226 and *IWC* wage orders, including but

18 not limited to, 7-2001. As a result, PLAINTIFF is entitled to all unpaid wages in an amount to

19 be determined, statutory late-pay wages and related sums, civil penalties, attorneys' fees and

20 costs, liquidated damages, disbursements and interest as provided by California law.

21     44.    DIESEL has a policy and practice of not recording all time worked by its hourly

22 employees. DIESEL' policy and practice systematically reduced the daily time recorded by its

23 hourly employees. Additionally, DIESEL failed to provide PLAINTIFF with accurate time

24 records and earnings statements as required by *Labor Code* section 226 and *IWC* wage orders,

25 including but not limited to, 7-2001.

26     45.    PLAINTIFF is informed and believes and thereon alleges that all PLAINTIFFS

27 were affected by DIESEL' practices. DIESEL paid PLAINTIFF based upon the recorded time

28

1  which systematically reduced the actual time worked, resulting in a failure to pay wages for time

2  worked.

3       46.     PLAINTIFF (and PLAINTIFF's) has/have been required to bring this action to

4  recover unpaid/lost wages, statutory wages and related sums, civil penalties, attorneys' fees and

5  costs, and interest as authorized by California law.

6       47.     PLAINTIFF (and PLAINTIFFS) seek as damages, all unpaid wages in an amount

7  to be determined, statutory wages and related sums, civil penalties, attorneys' fees and costs,

8  liquidated damages, disbursements, and interest as provided by California law, including but not

9  limited to *Labor Code* sections 203, 226, 558, 1194, 1194.2, 1197, 1197.1, and *IWC* wage

10  orders, including but not limited to, 7-2001.

11            **VI.**    **SECOND CLAIM FOR OVERTIME WAGES**

12       48.     As a SECOND, separate, and distinct cause of action, PLAINTIFF complains

13  against ALL DEFENDANTS and DOES 1 through 50, inclusive, and re-alleges all the

14  allegations contained in this complaint and incorporates them by reference into this cause of

15  action as though fully set forth herein

16       49.     DIESEL was and is obligated to compensate PLAINTIFF and all similarly

17  situated Employees for all hours worked in excess of forty (40) hours in a workweek.

18  PLAINTIFF and all similarly situated Employees are not subject to any applicable exemptions

19  from the requirement to pay overtime under federal law. During the Liability Period,

20  PLAINTIFF and all similarly situated Employees were regularly required to work in excess of

21  forty (40) hours per week, but were not paid for such overtime work. By failing to pay overtime

22  compensation due to PLAINTIFFS and all similarly situated Employees, DIESEL willfully,

23  knowingly, and/or recklessly violated the provisions of the *FLSA* which require overtime

24  compensation to nonexempt employees.

25       50.     As a result of DIESEL's policy and practice of withholding overtime

26  compensation, PLAINTIFFS and all similarly situated Employees have been damaged in that

27  they have not received wages due to them.

28

51. DIESEL have made it difficult to account for the unpaid overtime wages earned by PLAINTIFFS during the applicable Liability Period because they did not make, keep, and preserve the correct hours worked by such employees as required for nonexempt employees by 29 *U.S.C.* § 211(c). DIESEL's failure to retain correct records of hours worked by PLAINTIFF was willful and deliberate and designed to serve their policy of unlawfully denying overtime wages to PLAINTIFF.

52. As a result of the unlawful acts of the DIESEL, PLAINTIFF and all similarly situated Employees have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages or, alternatively, pre-judgment interest, attorneys' fees and costs, and other compensation pursuant to 29 *U.S.C.* § 216(b).

## VII. THIRD CLAIM FOR OVERTIME WAGES

### (As Against all DEFENDANTS)

53. As a THIRD, separate, and distinct cause of action, PLAINTIFF complains against ALL DEFENDANTS and DOES 1 through 50, inclusive, and re-alleges all the allegations contained in this complaint and incorporates them by reference into this cause of action as though fully set forth herein.

54. Under *California Labor Code sections* 510 and 1194 and *IWC Wage Order Nos.* 4-2000 and 4-2001, DIESEL was and is obligated to compensate PLAINTIFF's premium pay for all hours worked in excess of forty (40) hours per workweek. In addition, under applicable California law as referenced, DIESEL were and are obligated to compensate PLAINTIFF's premium pay for all hours worked in excess of eight (8) hours per workday.

55. During the Liability Period, PLAINTIFF was regularly required to work in excess of forty (40) hours per week and/or eight (8) hours per day, but was not paid for such premium pay as required by California law. PLAINTIFF did not receive overtime premium compensation for hours worked in excess of eight (8) hours per day and forty (40) hours per week in violation of *California Labor Code* section 510.

56. By failing to pay overtime premium compensation due and owing to PLAINTIFF, DIESEL willfully, knowingly, and/or recklessly violated California wage and hour laws which require overtime premium compensation to nonexempt employees such as Sales Associate Employees.

57. As a result of DIESEL's policy and practice of withholding overtime premium compensation as alleged herein, PLAINTIFF has been damaged in that she has not received wages due and owing her pursuant to California wage and hour laws.

58. DIESEL has made it difficult to account for the unpaid overtime work performed by PLAINTIFF during the applicable Liability Period because they did not make, keep and preserve, through records, the correct hours worked by such employees as required for nonexempt employees by *California Labor Code section* 1174, subdivision (d) and *IWC Wage Order Nos.* 4-2000 and 4-2001. DIESEL's failure to retain correct records of the hours worked by PLAINTIFF was willful and deliberate and designed to serve DIESEL's policy of unlawfully denying overtime to PLAINTIFF.

59. As a result of the foregoing unlawful acts of DIESEL, PLAINTIFF has been deprived and continues to be deprived of overtime premium compensation in amounts to be determined at the time of trial, and are entitled to recovery of such amounts together with interest, waiting time penalties, attorneys' fees, litigation costs, and other compensation.

60. PLAINTIFF requests relief as described below on behalf of herself, all similarly situated Sales Associate Employees, and on behalf of the general public.

## VIII. FOURTH CLAIM FOR FAILURE TO PAY WAGES FOR COMPENSABLE MEAL BREAK PERIODS

### (As against all DEFENDANTS)

61. As a FOURTH, separate, and distinct cause of action, PLAINTIFF complains against ALL DEFENDANTS and DOES 1 through 50, inclusive, and re-alleges all the allegations contained in this complaint and incorporates them by reference into this cause of action as though fully set forth herein.

13

1       62.    The California *Labor Code* and *IWC* wage orders provide for minimum

2   employment conditions to be followed by all employers within the State of California. California

3   law, including but not limited to, 7-2001, require that employees receive an uninterrupted meal

4   period of not less than thirty (30) minutes for each shift of five hours or more.

5       63.    DIESEL failed to provide PLAINTIFF and all other meal period class members

6   with uninterrupted meal periods of not less than thirty (30) minutes as required and in violation

7   of California law, including but not limited to, California *Labor Code* sections 226.7, 512, and

8   516, and *IWC* wage orders, including but not limited to, 7-2001 and failed to pay PLAINTIFF

9   and meal period class members for those meal periods not provided. Additionally, DIESEL

10  failed to provide PLAINTIFF with accurate time records and earnings statements as required by

11  *Labor Code* section 226 and *IWC* wage orders, including but not limited to, 7-2001.

12      64.    During the applicable Liability Period, PLAINTIFF regularly worked in excess of

13  five (5) hours per day without being afforded a proper meal break of at least 30-minutes in

14  duration in which she was relieved of all duties, and often worked in excess of ten (10) hours per

15  day without being afforded another such meal break, as required by *California Labor Code*

16  *sections* 226.7 and 512, as well as *IWC Wage order Nos.* 4-2000 and 4-2001

17      65.    As a result of DIESEL' failure to afford proper meal break periods, DIESEL is

18  liable to PLAINTIFF for one hour of additional pay at her regular rate of compensation for each

19  workday that proper meal break periods were not provided, pursuant to *California Labor Code*

20  *sections* 226.7 and 512, as well as *IWC Wage order Nos.* 4-000 and 4-2001.  PLAINTIFF

21  requests relief as described below on behalf of herself, all similarly situated employees, and on

22  behalf of the general public.

23      66.    PLAINTIFF, and meal period class members, seeks unpaid wages for missed

24  meals periods, statutory wages and related sums, civil penalties, plus attorneys' fees and costs,

25  interest, liquidated damages and disbursements pursuant to California law, including but not

26  limited to, California *Labor Code* sections 218.5, 218.6, 226.7, 512, 516, 558, and *IWC* wage

27  orders, including but not limited to 7-2001.

28

14

**CLASS ACTION COMPLAINT**
LABRADOR v. Diesel U.S.A., Inc., et al.

## IV.  FIFTH CLAIM FOR FAILURE TO PAY WAGES FOR
## COMPENSABLE REST BREAK PERIODS

### (As against all DEFENDANTS)

67.     As a FIFTH, separate, and distinct cause of action, PLAINTIFF complains against ALL DEFENDANTS and DOES 1 through 50, inclusive, and re-alleges all the allegations contained in this complaint and incorporates them by reference into this cause of action as though fully set forth herein.

68.     The California *Labor Code* and *IWC* wage orders provide for minimum employment conditions to be followed by all employers within the State of California. California law, including but not limited to, California *Labor Code* sections 226.7 and 516, and *IWC* wage orders, including but not limited to, 7-2001, require that employees receive a paid rest break of not less than ten (10) minutes for each period of four hours worked.

69.     DIESEL failed to provide PLAINTIFF and all other rest period class members uninterrupted rest periods of not less than ten (10) minutes when and as required, in violation of California law, including but not limited to, California *Labor Code* sections 226.7 and 516, and *IWC* wage orders, including but not limited to, 7-2001, and failed to pay PLAINTIFFS and rest period class members for those rest periods not provided, plus statutory wages and related sums. Additionally, DIESEL failed to provide PLAINTIFF with accurate time records and earnings statements as required by *Labor Code* section 226 and *IWC* wage orders, including but not limited to 7-2001.

70.     PLAINTIFF, and rest period class members seek unpaid wages for DIESEL's failure to provide rest periods as required, statutory wages and related sums, civil penalties, plus attorneys' fees and costs, interest, liquidated damages and disbursements pursuant to California law.

## X.   SIXTH CLAIM FOR FAILURE TO PAY MINIMUM
## WAGE/"OFF THE CLOCK" WORK

15

71.     As a SIXTH, separate, and distinct cause of action, PLAINTIFF complains against ALL DEFENDANTS and DOES 1 through 50, inclusive, and re-alleges all the allegations contained in this complaint and incorporates them by reference into this cause of action as though fully set forth herein

72.     *California Labor Code section* 1197 and *IWC Wage Order Nos.* 4-2000 and 4-2001 required DIESEL to pay PLAINTIFF, at the then-prevailing State of California minimum wage rate for all hours worked.

73.     During the Liability Period, DIESEL had, and continues to have; a policy and practice of failing to compensate PLAINTIFF, for all hours worked, paid is employees at wage rates that were less than the California minimum wage rate then in effect, when those wages were due.  PLAINTIFF's time spent performing mandatory duties was not recorded and not inclusive of the rate paid and constitutes time worked "off-the-clock" for which PLAINTIFF, received no compensation.

74.     Additionally, and because of the minimum wage failures, DIESEL failed to provide PLAINTIFF with accurate time records and earnings statements as required by Labor Code section 226 and IWC Wage Order Nos. 4-2000 and 4-2001.  As a result of DIESEL's failure to pay PLAINTIFF, at the minimum wage rate for all hours worked, when those wages were due, PLAINTIFF is entitled to civil penalties, liquidated damages, interest, costs and attorneys' fees pursuant to California law, including but not limited to *California Labor Code sections* 218.6, 1194, 1194.2, 1197, 1197.1 and *IWC Wage Orders Nos.* 4-2000 and 4-2001.

## XI.     SEVENTH CLAIM FOR FAILURE TO PAY COMPENSATION AT THE TIME OF TERMINATION

### (As against all DEFENDANTS)

75.     As a SEVENTH, separate, and distinct cause of action, PLAINTIFF complains against ALL DEFENDANTS and DOES 1 through 50, inclusive, and re-alleges all the allegations contained in this complaint and incorporates them by reference into this cause of action as though fully set forth herein.

76. *Labor Code* sections 201 and 202 require DEFENDANTS to pay all compensation due and owing to PLAINTIFF at the time her employment is terminated. *Labor Code* section 203 provides that if an employer fails to pay compensation promptly upon discharge or resignation, as required under sections *Labor Code* 201 and 202, then the employer is liable for statutory penalties in the form of continued compensation for up to thirty (30) workdays.

78. PLAINTIFF and those members whose employment with DIESEL ended within the relevant statutory period prior to filing this action allege that at the time PLAINTIFF's and class members' employment ended, DIESEL failed to pay PLAINTIFF and class members, all wages when due, as required by California law.

79. DIESEL's failure to pay PLAINTIFF's wages when due was willful, and continued for a period of time to be determined.

80. Because of DIESEL's willful failure to timely make payment of PLAINTIFF's wages when due, PLAINTIFF is due late-pay wages for up to 30 days, in amounts to be determined at the time of trial.

81. PLAINTIFF has been required to bring this action on her behalf and on behalf of late pay class members, to recover late-pay wages, and statutory wages and related sums as provided by California law, including but not limited to, California *Labor Code* sections 201, 202, and 203 and *IWC* wage orders, including but not limited to, 7-2001.

82. Because of DIESEL's failure to pay PLAINTIFF's and late pay class members' latge-pay wages, statutory wages and related sums, civil penalties, plus attorneys' fees and costs, interest, liquidated damages and disbursements pursuant to California law, including but not limited to, California *Labor Code* sections 201, 202, 203, 218.5, and 218.6, and *IWC* wage orders, including but not limited to, 7-2001.

83. PLAINTIFF seeks all late-pay wages, statutory wages and related sums, civil penalties, plus attorneys' fees and costs, interest, and disbursements for herself and all late pay class members whose employment ended within the applicable statutory period prior to the filing

1 │ of this Complaint action and who were not paid all wages when required by California law,

2 │ including but not limited to, California *Labor Code* sections 201, 202, 203, and *IWC* wage

3 │ orders, including but not limited to, 7-2001.

4

5 │ **XII.   EIGHTH CLAIM FOR FAILURE TO FURNISH**

6 │ **ITEMIZED WAGE STATEMENTS**

7 │ (As against all DEFENDANTS)

8 │ 84.   As a EIGHTH, separate, and distinct cause of action, PLAINTIFF complains

9 │ against ALL DEFENDANTS and DOES 1 through 50, inclusive, and re-alleges all the

10 │ allegations contained in this complaint and incorporates them by reference into this cause of

11 │ action as though fully set forth herein.

12 │ 85.   DIESEL failed to provide PLAINTIFF with accurate time records and earnings

13 │ statements as required by *Labor Code* section 226, subdivision (a).   Pursuant to *Labor Code*

14 │ section 226, DEFENDANTS were and are obligated to furnish to PLAINTIFF, at the time of

15 │ each payment of wages, either as a detachable part of the check, draft, or voucher paying the

16 │ wages, or separately when wages were paid by personal check or cash, an itemized statement in

17 │ writing showing the items of information delineated in *Labor Code* section 226, subdivision (a).

18 │ 86.   During the Liability Period, DEFENDANTS had, and continue to have, a policy

19 │ and practice of knowingly and intentionally failing to furnish to PLAINTIFF, at the time of each

20 │ payment of wages, an itemized statement in writing showing all of the information required by

21 │ *Labor Code* section 226, subdivision (a), including, but not limited to, the total hours actually

22 │ worked.

23 │ 87.   As a result of the foregoing unlawful acts of DEFENDANTS, PLAINTIFF has

24 │ suffered injury and is entitled to recover from DEFENDANTS pursuant to *Labor Code* section

25 │ 226, subdivision (e), and hereby seek to recover, the greater of all actual damages or statutory

26 │ penalties in the amount of fifty dollars ($50.00) per employee for the initial pay period in which

27 │ a violation occurred and one hundred dollars ($100.00) per employee for each violation in a

28

18

1  subsequent pay period, not exceeding an aggregate statutory penalty of four thousand dollars

2  ($4,000.00) per employee, in addition to an award of costs and reasonable attorneys' fees.

3      88.    PLAINTIFF requests relief as described below on behalf of herself, all similarly

4  situated Class Members, and on behalf of the general public.

5

6  **XIII.**  **NINTH CLAIM FOR UNFAIR AND UNLAWFUL BUSINESS PRACTICES**

7                              (As against all DEFENDANTS)

8      89.    As a NINTH, separate, and distinct cause of action, PLAINTIFF complains

9  against ALL DEFENDANTS and DOES 1 through 50, inclusive, and re-alleges all the

10  allegations contained in this complaint and incorporates them by reference into this cause of

11  action as though fully set forth herein.

12      90.    Within the applicable statutory period prior to the filing of this complaint,

13  DIESEL failed to comply with the Wage and Hour provisions of the State of California, as set

14  forth herein.

15      91.    DIESEL's policy and practice of failing to furnish itemized wage statements and

16  failing to pay legally required overtime compensation, wages for compensable meal periods and

17  rest breaks, and indemnity for expenditures incurred in the discharge of business-related duties as

18  required by the *FLSA* and/or California law constitutes unfair, unlawful, or fraudulent business

19  activity prohibited by the *UCL, California Business & Professions Code sections* 17200-17208.

20      92.    As a result of these unfair, unlawful, or fraudulent acts and practices, DIESEL has

21  reaped unfair benefits and illegal profits at the expense of PLAINTIFF. This has, in turn,

22  provided DIESEL with an anti-competitive advantage when compared to those businesses that

23  have complied with the applicable wage and hour laws. Additionally, DIESEL should be

24  enjoined from continuing the aforementioned violations.

25      93.    DIESEL has engaged in unfair business practices in California by utilizing the

26  illegal employment practices outlined above, including, but not limited to, permitting and

27  unlawfully allowing PLAINTIFF to work hours in excess of 40 hours per week, and in excess of

28

1    8 hours in a day, for which DIESEL did not compensate PLAINTIFF at a premium rate of pay

2    for those excess hours worked. DIESEL failed to pay minimum wages for all time worked.

3    DIESEL failed to provide PLAINTIFF mandatory rest and meal breaks, failed to pay all wages

4    when due upon termination of employment and to compensate PLAINTIFF for other sums due

5    for labor, fees and penalties according to California Law. DIESEL's employment of such

6    practices constitutes an unfair business practice, unfair competition, and provides an unfair

7    advantage over DIESEL' competitors. PLAINTIFF seeks full restitution and disgorgement of

8    said monies from DIESEL, as necessary and according to proof, to restore any and all monies

9    withheld, acquired, or converted by DIESEL by means of the unfair practices complained of

10    herein.

11        94.      PLAINTIFF, individually, and on behalf of the general public, allege that at all

12    relevant times DIESEL's actions, including, but not limited to, its violations of California Law

13    and the California *Labor Code*, as set forth herein, constitute a continuing and ongoing unfair

14    and unlawful activity prohibited by *Business & Professions Code* sections 17200, et seq., and

15    justify the issuance of an order disgorging wrongfully withheld wages and other related sums by

16    DIESEL. The unlawful business practices of DIESEL are likely to continue to mislead the public

17    (that employees are being paid in accordance to the California *Labor Code*), and present a

18    continuing threat to the public, and unfair business practice of avoiding wage obligations and

19    expenses. These violations constitute a threat and unfair business policy. The Court is authorized

20    to order an injunction, and/or disgorgement of fees to affected members of the public as a

21    remedy for any violations of *Business & Professions Code* sections 17200, et seq. PLAINTIFF

22    alleges that DIESEL violated numerous California *Labor Code* and California *Penal Code*

23    statutes.

24        95.      PLAINTIFF alleges that the actions of DIESEL, as alleged herein, have caused

25    PLAINTIFF to suffer an injury in fact and lose money and/or property as a result of such unfair

26    competition. PLAINTIFF further alleges that at all relevant times DIESEL engaged in unlawful,

27    deceptive and unfair business practices prohibited by *Business & Professions Code* sections

28

1  17200, et seq., including those set forth herein, thereby depriving PLAINTIFF and the public of

2  the minimum working conditions and standards due them under California Labor Laws and IWC

3  Wage Orders.

4        96.    DIESEL must make restitution, disgorge themselves of all ill-gotten gains, and/or

5  be subject to other equitable relief pursuant to *California Business & Professions Code section*

6  17203. All such remedies are cumulative of relief under other laws, pursuant to *California*

7  *Business & Professions Code section* 17205. PLAINTIFF and all other persons employed or

8  formerly employed by DIESEL request the relief as described herein.

9      **XIV.  TENTH CLAIM FOR REPRESENTATIVE ACTION ON BEHALF OF ALL**

10          **EMPLOYEES FOR VIOLATION OF *LABOR CODE SECTION* 2699**

11                  (As against all Defendants)

12        97.    As an TENTH, separate, and distinct cause of action, PLAINTIFF complains

13  against ALL DEFENDANTS and DOES 1 through 50, inclusive, and re-alleges all the

14  allegations contained in this complaint and incorporates them by reference into this cause of

15  action as though fully set forth herein.

16        98.    PLAINTIFF seek recovery here as a representative action and not a class action.

17  PLAINTIFF allege that she is an "aggrieved employee" who was employed by DEFENDANT as

18  hourly, non-exempt, California employee and seeks the relief requested herein on behalf of

19  herself and all other current and former employees of DEFENDANTS pursuant to *Labor Code*

20  section 2699 et seq. The policies, acts and practices heretofore described were and are unlawful

21  because DEFENDANT'S failure to pay wages and compensation for work without rest and meal

22  period breaks, failure to provide accurate wage statements and maintain accurate time records for

23  PLAINTIFF's violate applicable *Labor Code* sections and give rise to statutory penalties as a

24  result of such conduct, including but not limited to penalties as provided by *Labor Code* sections

25  221, 226, 226.7, 512, 558, 1174 and 1194, and applicable IWC Wage Orders. PLAINTIFF, as

26  an aggrieved employee, hereby seeks recovery of civil penalties as prescribed by the *Labor Code*

27  *Private Attorney General Act of 2004* on behalf of herself and other current and former

28

21

**CLASS ACTION COMPLAINT**
LABRADOR v. Diesel U.S.A., Inc., et al.

1   employees of DEFENDANTS which comprise the class, against whom one or more of the

2   violations of the *Labor Code* was committed. In addition, PLAINTIFF, as an aggrieved

3   employee, hereby seeks recovery of civil penalties as prescribed by the *Labor Code Private*

4   *Attorney General Act of 2004* on behalf of the State of California and/or the Labor and Welfare

5   Development Agency ("LWDA"), to the fullest extent available under the law. PLAINTIFF has

6   complied with all of the notice requirements of *Labor Code* section 2699.3.

7       99.    On or about_____, PLAINTIFF gave written notice by certified mail to

8   the LWDA and the employer of the specific provisions of the California *Labor Code* alleged to

9   have been violated and her desire to seek on behalf of herself and all other aggrieved employees

10   civil penalties under subdivisions (a) and (f) of *Labor Code* section 2699 for DEFENDANTS'

11   violations of various provisions listed in *Labor Code* section 2699.5. PLAINTIFF's notice to the

12   LWDA, made pursuant to *Labor Code* section 2699.3, subdivision (a), complied fully with the

13   requirements of the Code and provided notice of the specific provision of the California *Labor*

14   *Code* alleged to have been violated, as well as the facts and theories which support the alleged

15   violations.

16       100.   PLAINTIFF alleges that DEFENDANT's company-wide plan and scheme to

17   reduce operating expenses by illegally failing to properly compensate its employees, violates

18   various *Labor Code* sections, including but not limited to, 200, 201, 202, 203, 204, 208, 210,

19   216, 218.6, 225.5, 226, 226.3, 226.7, 227.7, 500, 512, 516, 558, 1174, 1174.5, 1194, 1197, 1198,

20   1199, 2926, 2927, and IWC Wage Orders including but not limited to number 7-2001. Pursuant

21   to *Labor Code* section 2699 et seq., PLAINTIFF seeks the recovery of all statutory penalties for

22   DEFENDANT's violation of any provision of the California *Labor Code* on behalf of all current

23   and former employees of DEFENDANT against whom one or more of the alleged violations was

24   committed within the applicable limitations period.

25       101.   In addition to any other civil or statutory penalty, PLAINTIFF seeks, pursuant to

26   *Labor Code* section 2699, a statutory penalty of $100 for each aggrieved employee per pay

27   period for DEFENDANT'S first violation of any provision of the *Labor Code*, and $200 for each

28

1 | aggrieved employee per pay period for any subsequent violation by DEFENDANTS of any

2 | provision of the *Labor Code*. PLAINTIFF also seeks the award of reasonable attorneys' fees and

3 | costs.

4

5 | ### PRAYER FOR RELIEF

6 | **WHEREFORE, PLAINTIFF,** on behalf of herself, and all present and former similarly

7 | situated hourly, non-exempt California "sales associate" employees of DIESEL, and on behalf of

8 | the general public, request the following relief:

9 | 1.   A determination that this action may proceed and be maintained by PLAINTIFF

10 | as a class action on behalf of herself and the class or classes of employees alleged

11 | herein;

12 | 2.   The issuance of notice to all PLAINTIFF class members who worked for DIESEL

13 | within the four (4) year period preceding the filing of this Complaint in

14 | accordance with the statute of limitations of the *UCL, California Business &*

15 | *Professions Code sections* 17200-17208;

16 | 3.   A declaratory judgment that DIESEL has violated overtime provision as to the

17 | PLAINTIFFS and all similarly situated employee class members;

18 | 4.   A declaratory judgment that DIESEL has violated California Labor Code sections

19 | 510 and 1194 and IWC Wage Order Nos. 4-2000 and 4-2001 by failing to provide

20 | overtime compensation to PLAINTIFFS for all hours worked in excess of forty

21 | (40) hours per workweek and/or eight (8) hours per workday when paid on a

22 | commission basis;

23 | 5.   A declaratory judgment that DIESEL has violated *California Labor Code sections*

24 | 226.7, 512, and 516 as well as *IWC Wage order Nos.* 4-2000 and 4-2001, by

25 | failing to afford PLAINTIFFS proper meal and rest break periods;

26 | 6.   A declaratory judgment that DIESEL has willfully violated *California Labor*

27 | *Code sections* 201-203 by failing to pay overtime compensation and other unpaid

28 | wages due and owing to PLAINTIFFS at the time of termination of their

1  employment, thereby subjecting DIESEL to liability for statutory waiting time

2  penalties;

3  7.  A declaratory judgment that DIESEL has violated *California Labor Code section*

4  *2802* by failing to provide some method or formula to identify the amount of the

5  combined employee compensation payment that is intended to provide expense

6  reimbursement;

7  8.  A declaratory judgment that DIESEL has violated *California Labor Code section*

8  *226*, subdivision (a), by knowingly and intentionally failing to furnish to

   PLAINTIFFS, itemized wage statements in compliance with *California Labor*

9  *Code section 226*, subdivision (a), thereby subjecting DIESEL to liability for

10  actual damages or statutory penalties under *California Labor Code section 226*,

11  subdivision (e);

12  9.  A declaratory judgment that DIESEL has violated the record keeping provisions

13  of *California Labor Code section 1174*, subdivision (d) and *IWC Wage Order*

14  *Nos.* 4-2000 and 4-2001 as to PLAINTIFFS;

15  10.  A declaratory judgment that DIESEL's violations of California wage and hour

16  laws were willful and without good faith justification;

17  11.  A declaratory judgment that DIESEL has violated the provisions of *California*

18  *Business & Professions Code sections 17200-17208* by failing to pay overtime

19  compensation under California law, failing to pay wages for compensable meal

20  break periods as required by California law, and failing to furnish proper itemized

21  wage statements in violation of California law;

22  12.  A declaratory judgment that DIESEL's violations of *California Business &*

23  *Professions Code sections 17200-17208* were willful and without good faith

24  justification;

25  13.  A declaratory judgment that, with regard to PLAINTIFFS' claims under

26  *California Business &Professions Code sections 17200-17208*, PLAINTIFFS are

27  entitled to a four (4) year statute of limitations;

28

14. A permanent injunction enjoining DIESEL and any and all persons acting in concert or in participation with DIESEL from directly or indirectly committing the unlawful, unfair, and deceptive business acts and practices as alleged above;

15. An award to PLAINTIFFS of damages in the amount of unpaid wages under California law, including liquidated damages under *California Labor Code section* 1194.2 and interest subject to proof at the time of trial;

16. An award to PLAINTIFFS for damages in the amount of unpaid overtime wages including liquidated damages or, in the alternative, pre-judgment interest subject to proof at the time of trial;

17. An award to PLAINTIFFS of damages in the amount of unpaid overtime compensation and wages under California law, including interest thereon subject to proof at the time of trial;

18. An award to PLAINTIFFS for one hour of compensation for each day they did not receive proper meal break periods under *California Labor Code sections* 226.7 and 512 and *IWC Wage Order Nos.* 4-2000 and 4-2001;

19. An award to PLAINTIFFS for one hour of compensation for each day they did not receive proper rest break periods under *California Labor Code sections* 226.7 and 516 and IWC Wage Order Nos. 4-2000 and 4-2001;

20. An award to PLAINTIFFS for payments due to them as statutory waiting time penalties under *California Labor Code sections* 201-203;

21. An award to PLAINTIFFS for the greater of all actual damages or the statutory penalties provided in *California Labor Code section* 226, subdivision (e) subject to proof at the time of trial;

22. An award to PLAINTIFFS of civil penalties under *California Labor Code section* 558, subdivision (a) for DIESEL' violations of the overtime pay requirements of *California Labor Code sections* 510 and 1194 and *IWC Wage Order Nos.* 4-2000 and 4-2001 subject to proof at the time of trial;

23. An award to PLAINTIFFS of liquidated damages in an amount equal to the overtime compensation and unpaid meal break period wages shown to have been

25

1      denied to PLAINTIFFS pursuant to 29 *U.S.C.* § 216(b) and liquidated damages in

2      an equal amount or, if liquidated damages are not awarded, then in the alternative

3      pre-judgment interest;

4   24.      An award to PLAINTIFFS of restitution and/or disgorgement of all amounts

5      owed for DIESEL 's failure to pay legally required wages, overtime

6      compensation, wages for compensable meal break and rest break periods, failure

7      to indemnify expenditures under *California Labor Code section* 2802, and failure

8      to furnish itemized wage statements under *California Labor Code section* 226,

9      subdivision (a), in an amount according to proof, pursuant to the *UCL*;

10   25.     An award to PLAINTIFFS of all civil penalties recoverable pursuant to *California*

11      *Labor Code section* 2699, et seq., for all pay periods in which a violation of the

     *Labor Code* exists;

12   26.     An award to PLAINTIFFS of reasonable attorneys' fees and costs pursuant to 29

13      *U.S.C.* § 216(b), *California Labor Code sections* 226, subdivision (e), 1194, 2699,

14      subdivision (g)(1), *California Civil Code section* 1021.5. Neither this prayer nor

15      any allegation or prayer herein are to be construed as a request for attorneys' fees

16      or costs available under *California Labor Code section* 218.5.

17   27.     An award of pre and post-judgment interest; and,

18   28.     An award of such other and further relief as this Court may deem just and

19      appropriate.

20

21 Dated: December 1, 2010        By: _Daniel L. Feder_

22                        Daniel L. Feder,
**THE LAW OFFICES OF DANIEL L. FEDER**

23                        Attorneys for PLAINTIFF MEGAN
LABRADOR and similarly situated

24                        employees

25 //

26 //

27 //

28

1
## DEMAND FOR JURY TRIAL

2       PLAINTIFFS, on behalf themselves and all other similarly situated employees and

3 former sales associate employees of DIESEL, hereby demand trial of these claims by jury to the

4 extent authorized by law.

5
6 DATED: December ___, 2010

7
8       By: _____
        Daniel L. Feder,
9       **THE LAW OFFICES OF DANIEL L. FEDER**
        Attorneys for PLAINTIFF MEGAN
10      LABRADOR and similarly situated
        employees

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT B

1  Harry I. Johnson, III (SBN 200257)
   Paul A. Rigali (SBN 262948)
2  ARENT FOX LLP
   555 West Fifth Street, 48th Floor
3  Los Angeles, CA 90013-1065
   Telephone:    213.629.7400
4  Facsimile:    213.629.7401
   Email:    johnson.harry@arentfox.com
5
   Attorneys for Defendant
6  DIESEL U.S.A., INC.

**ENDORSED**
**F I L E D**
Superior Court of California
County of San Francisco

**JAN 0 3 2011**

CLERK OF THE COURT
BY: CAROLYN BALISTRERI
Deputy Clerk

7

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                       COUNTY OF SAN FRANCISCO

10

11  MEGAN LABRADOR, individually and          CASE NO.  CGC-10-505710
    on behalf of all others similarly situated,
12                                            **ANSWER OF DIESEL U.S.A., INC. TO**
                  Plaintiffs,                 **UNVERIFIED COMPLAINT OF MEGAN**
13                                            **LABRADOR**
          v.
14
    DIESEL U.S.A., INC., a New York
15  corporation; and DOES 1-100, inclusive,
16                Defendant.
17

18

19

20

21

22

23

24

25

26

27

28

ANSWER TO UNVERIFIED COMPLAINT OF MEGAN LABRADOR

1     Defendant Diesel U.S.A., Inc. ("Defendant") answers plaintiff Megan Labrador's

2    ("Plaintiff's") unverified complaint as follows:

3                            **GENERAL DENIAL**

4     Pursuant to the provisions of California Code of Civil Procedure section 431.30,

5    Defendant denies each and all of the allegations of the Complaint, and every purported cause of

6    action alleged therein.  Defendant further denies that Plaintiff or any of the putative class

7    members have suffered any damages whatsoever as a result of Defendant's conduct.

8          **SEPARATE AND AFFIRMATIVE DEFENSES**

9     By way of separate and affirmative defenses to the Complaint, and as to each and every

10   cause of action alleged by Plaintiff therein, Defendant alleges as follows.  By alleging the

11   defenses below, Defendant in no way agrees or concedes that it bears the burden of proof or

12   persuasion on any of these issues:

13         **FIRST SEPARATE OR AFFIRMATIVE DEFENSE**

14     The Complaint and each and every purported cause of action contained therein (as related

15   to Plaintiff and each and every putative class member) fails to state facts sufficient to constitute

16   any cause of action against Defendant.

17       **SECOND SEPARATE OR AFFIRMATIVE DEFENSE**

18     All of Plaintiff's claims and causes of action (and those of the putative class members) are

19   barred by the applicable statutes of limitations.

20        **THIRD SEPARATE OR AFFIRMATIVE DEFENSE**

21     Defendant is informed and believes and thereon alleges that all of Plaintiff's claims and

22   causes of action (and those of the putative class members) are barred by the doctrine of estoppel.

23       **FOURTH SEPARATE OR AFFIRMATIVE DEFENSE**

24     Defendant is informed and believes and thereon alleges that all of Plaintiff's claims and

25   causes of action (and those of the putative class members) are barred by the doctrine of in pari

26   delicto.

27

28

## FIFTH SEPARATE OR AFFIRMATIVE DEFENSE

Defendant is informed and believes and thereon alleges that all of Plaintiff's claims and causes of action (and those of the putative class members) are barred by the doctrine of waiver.

## SIXTH SEPARATE OR AFFIRMATIVE DEFENSE

Defendant is informed and believes and thereon alleges that all of Plaintiff's claims and causes of action (and those of the putative class members) are barred by the doctrine of laches.

## SEVENTH SEPARATE OR AFFIRMATIVE DEFENSE

Defendant is informed and believes and thereon alleges that all of Plaintiff's claims and causes of action (and those of the putative class members) are barred by the doctrine of unclean hands.

## EIGHTH SEPARATE OR AFFIRMATIVE DEFENSE

As to all of Plaintiff's claims and causes of action, a collective or class action would not be the superior method for resolving the claims of Plaintiff and other current and former employees as described in the Complaint because they do not share a community of interest, common questions do not predominate over individualized questions, and Plaintiff cannot satisfy the requirements of numerosity, commonality, typicality, and/or adequacy necessary to obtain class certification.

## NINTH SEPARATE OR AFFIRMATIVE DEFENSE

As to each of Plaintiff's causes of action (and those of the putative class members), the California Division of Labor Standards Enforcement (DLSE) has special expertise in adjudicating the matters raised in the Complaint, and accordingly the Court should withhold resolution of the dispute under the doctrine of primary jurisdiction.

## TENTH SEPARATE OR AFFIRMATIVE DEFENSE

As to each of Plaintiff's causes of action (and those of the putative class members), the alleged conduct of which Plaintiff (and the putative class members) complains, if committed, was not willful or malicious, but rather, was made in good faith, honestly, and in the exercise of Defendant's good faith business judgment.

**ELEVENTH SEPARATE OR AFFIRMATIVE DEFENSE**

As to Plaintiff's request for equitable relief (and those of the putative class members), those claims and prayer for relief are barred because Plaintiff (and the putative class members) has adequate remedies at law.

**TWELFTH SEPARATE OR AFFIRMATIVE DEFENSE**

Plaintiff's damages (and those of the putative class members), if any, are limited by the doctrine of avoidable consequences.

**THIRTEENTH SEPARATE OR AFFIRMATIVE DEFENSE**

As to each of Plaintiff's causes of action (and those of the putative class members), at all relevant times, Plaintiff and the putative class members were exempt employees under applicable state law, including, but not limited to, the administrative exemption and/or the executive exemption under State law, and other applicable exemptions.

**FOURTEENTH SEPARATE OR AFFIRMATIVE DEFENSE**

As to all of Plaintiff's claims and causes of action, a collective or class action, or Labor Code Private Attorney General Action would violate Defendant's right to due process under the Due Process Clause of the Fifth Amendment, and Section 1 of the Fourteenth Amendment of the U.S. Constitution and the Due Process Clause of Section 1 of Article I of the California Constitution by depriving Defendant of its right to trial by jury as to the individual claims of the putative class members.

**FIFTEENTH SEPARATE OR AFFIRMATIVE DEFENSE**

Defendant is informed and believes and thereon alleges that all of Plaintiff's claims and causes of action (and those of the putative class members) are barred by the doctrine of consent.

**SIXTEENTH SEPARATE OR AFFIRMATIVE DEFENSE**

Plaintiff's damages, if any, must be offset by the monies Plaintiff (and the putative class members) unlawfully collected from Defendant, or collected from Defendant in excess of statutory requirements.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

**SEVENTEENTH SEPARATE OR AFFIRMATIVE DEFENSE**

Plaintiff's claims and causes of action (and those of the putative class members) are barred to the extent that they have failed to exhaust all applicable administrative remedies, and/or have failed to take those steps that are prerequisites to filing the complaint.

**EIGHTEENTH SEPARATE OR AFFIRMATIVE DEFENSE**

Plaintiff (and the putative class members) are, as a matter of law, not entitled to liquidated damages.

**NINETEENTH SEPARATE OR AFFIRMATIVE DEFENSE**

Plaintiff (and the putative class members) are, as a matter of law, not entitled to attorneys' fees.

**TWENTIETH SEPARATE OR AFFIRMATIVE DEFENSE**

Defendant is informed and believes and thereon alleges that Plaintiff's claims and causes of action (and those of the putative class members) are barred as to all hours during which she (and the putative class members) engaged in activities that were preliminary to or occurred after the principal job activities.

**TWENTY-FIRST SEPARATE OR AFFIRMATIVE DEFENSE**

Defendant is informed and believes and thereon alleges that Plaintiff's claims and causes of action (and those of the putative class members) are barred to the extent that she (and the putative class members) violated Defendant's policies and procedures.

**TWENTY-SECOND SEPARATE OR AFFIRMATIVE DEFENSE**

Defendant is informed and believes and thereon alleges that Plaintiff's claims and causes of action (and those of the putative class members) are barred as to all hours worked without Defendant's knowledge and/or consent.

**TWENTY-THIRD SEPARATE OR AFFIRMATIVE DEFENSE**

Plaintiff's attempts to bring her claims and causes of action as a class action lawsuit, or a Labor Code Private Attorney General action, fail because an independent and individual analysis is required for Plaintiff's claims and those claims of the putative class members, as well as for each of Defendant's affirmative defenses set forth herein.

1

### TWENTY-FOURTH SEPARATE OR AFFIRMATIVE DEFENSE

2    Plaintiff's attempts to seek any and all penalties (for herself and the putative class

3 members) under the Labor Code Private Attorneys General Act, any other penalties and any

4 punitive damages, in this action must fail, because such penalties would be arbitrary, unjust,

5 capricious, and excessive, both in and of themselves, and under the Due Process Clause, Takings

6 Clause and/or Equal Protection Clause of the United States and California Constitutions.

7

### TWENTY-FIFTH SEPARATE OR AFFIRMATIVE DEFENSE

8    Plaintiff's attempts to seek penalties (for herself and the putative class members) under

9 California Labor Code sections 201 through 203 must fail because Defendant had a good faith

10 dispute with Plaintiffs over whether any amounts of wages were due.

11

### TWENTY-SIXTH SEPARATE OR AFFIRMATIVE DEFENSE

12 Plaintiff's attempts to seek any penalties (for herself and the putative class members) must fail

13 because Defendant's conduct was not willful.

14

### FURTHER AFFIRMATIVE DEFENSES

15    Defendant currently has insufficient information upon which to form a belief as to

16 whether it has additional affirmative defenses available.  Defendant therefore reserves the right to

17 assert additional affirmative defenses in the event that investigation and discovery indicate that

18 they would be appropriate.

19 WHEREFORE, Defendant prays for judgment as follows:

20    1.  That Plaintiff's Complaint and all claims and causes of action therein be dismissed

21      with prejudice;

22    2.  That Plaintiff take nothing by this action;

23    3.  That judgment be entered against Plaintiff and in favor of Defendant;

24    4.  That Defendant be awarded its costs incurred in this action, including reasonable

25      attorneys' fees; and

26 ///

27 ///

28 ///

5.    That this Court grant Defendant such other and further legal or equitable relief as the Court deems just and proper.

Dated: January 3, 2011                               ARENT FOX LLP

                                                     By: _____
                                                     Harry I. Johnson, III
                                                     Attorneys for Defendant
                                                     DIESEL U.S.A., INC.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

ANSWER TO UNVERIFIED COMPLAINT OF MEGAN LABRADOR

*Megan Labrador v. Diesel U.S.A., Inc.*
San Francisco Superior Court, Case No. CGC-10-505710

## PROOF OF SERVICE

I am a citizen of the United States. My business address is Arent Fox LLP, 555 W. Fifth Street, 48th Floor, Los Angeles, California 90013. I am employed in the County of Los Angeles where this service occurs. I am over the age of 18 years, and not a party to the within cause.

On the date set forth below, according to ordinary business practice, I served the foregoing document(s) described as:

### ANSWER OF DIESEL U.S.A., INC. TO UNVERIFIED COMPLAINT OF MEGAN LABRADOR

☐ **(BY FAX)** I transmitted via facsimile, from facsimile number (213) 629-7401, the document(s) to the person(s) on the attached service list at the fax number(s) set forth therein, on this date. A statement that this document was successfully transmitted without error is attached to this Proof of Service.

☐ **(BY E-MAIL)** On this date, I caused the above documents to be delivered electronically to the e-mail address(es) of the person(s) on the attached service list.

☒ **(BY MAIL)** I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the U.S. Postal Service, and that practice is that correspondence is deposited with the U.S. Postal Service the same day as the day of collection in the ordinary course of business. On this date, I placed the document(s) in envelopes addressed to the person(s) on the attached service list and sealed and placed the envelopes for collection and mailing following ordinary business practices.

☐ **(BY PERSONAL SERVICE)** On this date, I caused the above documents to be delivered by hand delivery to the person(s) on the attached service list.

☐ **(BY OVERNIGHT DELIVERY)** On this date, I placed the documents in envelope(s) addressed to the person(s) on the attached service list, and caused those envelopes to be delivered to an overnight delivery carrier, with delivery fees provided for, for next-business-day delivery to whom it is to be served.

☒ **(State)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on January 3, 2011 in Los Angeles, California.

Eva Angelina Rubio

- 7 -

ANSWER TO UNVERIFIED COMPLAINT OF MEGAN LABRADOR

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

TECH/937711.1

# EXHIBIT C

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Daniel L. Feder<br>The Law Office of Daniel Feder<br>332 Pine Street, Suite 700<br>San Francisco, CA 94133<br>TELEPHONE NO.:       FAX NO: 415-391-9432<br>ATTORNEY FOR (Name): Megan Labrador | **FILED**<br>**SUPERIOR COURT**<br>**COUNTY OF SAN FRANCISCO**<br>DEC 0 1 2010<br>**CLERK OF THE COURT**<br>BY: _____ Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME:

CASE NAME: Labrador v. Diesel

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] Unlimited   [ ] Limited<br>(Amount   (Amount<br>demanded   demanded is<br>exceeds $25,000)   $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | **CGC - 10 - 505710** |
| | | JUDGE:<br>DEPT: |

Items 1-6 below must be completed (see instructions on page 2).

**1. Check one box below for the case type that best describes this case:**

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400-3.403) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint (not specified above) (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition (not specified above) (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [x] Other employment (15) | [ ] Other judicial review (39) | |

**2.** This case [x] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties   d. [x] Large number of witnesses
b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
    issues that will be time-consuming to resolve      in other counties, states, or countries, or in a federal court
c. [x] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision
**3.** Remedies sought (check all that apply): a. [x] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [ ] punitive
**4.** Number of causes of action (specify): Fourteen
**5.** This case [x] is   [ ] is not   a class action suit.
**6.** If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: November 30, 2010

Daniel L. Feder
(TYPE OR PRINT NAME)         (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

BY FAX

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use    **CIVIL CASE COVER SHEET**    Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Judicial Council of California                     Legal Solutions Plus    Cal. Standards of Judicial Administration, std. 3.10
CM-010 [Rev. July 1, 2007]

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) *(if the*
    *case involves an uninsured*
    *motorist claim subject to*
    *arbitration, check this item*
    *instead of Auto)*

**Other PI/PD/WD (Personal Injury/**
**Property Damage/Wrongful Death)**
**Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
Product Liability *(not asbestos or*
    *toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) *(not civil*
    *harassment)* (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer*
      *or wrongful eviction)*
    Contract/Warranty Breach—Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case—Seller Plaintiff
    Other Promissory Note/Collections
      Case
Insurance Coverage *(not provisionally*
    *complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent*
      *domain, landlord/tenant, or*
      *foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal*
    *drugs, check this item; otherwise,*
    *report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.**
**Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    *(arising from provisionally complex*
    *case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-*
      *domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified*
    *above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-*
      *harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified*
    *above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief from Late
      Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

# EXHIBIT D

CASE NUMBER: CGC-10-505710 MEGAN LABRADOR VS. DIESEL U.S.A. INC., A NEW YORI

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

DATE:     MAY-06-2011

TIME:     9:00AM

PLACE:    **Department 212**
          **400 McAllister Street**
          **San Francisco, CA 94102-3680**

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.

However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 212 twenty-five (25) days before the case management

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.

### ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

**IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A MANDATORY SETTLEMENT CONFERENCE OR TRIAL. (SEE LOCAL RULE 4)**

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400 McAllister Street, Room 103
San Francisco, CA 94102
(415) 551-3876

See Local Rules 3.6, 6.0 C and 10 D re stipulation to commissioners acting as temporary judges

*Megan Labrador v. Diesel U.S.A., Inc.*
San Francisco Superior Court, Case No. CGC-10-505710

## PROOF OF SERVICE

I am a citizen of the United States. My business address is Arent Fox LLP, 555 W. Fifth Street, 48th Floor, Los Angeles, California 90013. I am employed in the County of Los Angeles where this service occurs. I am over the age of 18 years, and not a party to the within cause.

On the date set forth below, according to ordinary business practice, I served the foregoing document(s) described as:

### NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT

☐   (BY FAX) I transmitted via facsimile, from facsimile number (213) 629-7401, the document(s) to the person(s) on the attached service list at the fax number(s) set forth therein, on this date. A statement that this document was successfully transmitted without error is attached to this Proof of Service.

☐   (BY E-MAIL) On this date, I caused the above documents to be delivered electronically to the e-mail address(es) of the person(s) on the attached service list.

☒   **(BY MAIL)** I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the U.S. Postal Service, and that practice is that correspondence is deposited with the U.S. Postal Service the same day as the day of collection in the ordinary course of business. On this date, I placed the document(s) in envelopes addressed to the person(s) on the attached service list and sealed and placed the envelopes for collection and mailing following ordinary business practices.

☐   (BY PERSONAL SERVICE) On this date, I caused the above documents to be delivered by hand delivery to the person(s) on the attached service list.

☐   (BY OVERNIGHT DELIVERY) On this date, I placed the documents in envelope(s) addressed to the person(s) on the attached service list, and caused those envelopes to be delivered to an overnight delivery carrier, with delivery fees provided for, for next-business-day delivery to whom it is to be served.

☒   (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on January 3, 2011 in Los Angeles, California.

_____
EvaAngelina Rubio

PROOF OF SERVICE

*Megan Labrador v. Diesel U.S.A., Inc.*
San Francisco Superior Court, Case No. CGC-10-505710

### SERVICE LIST

| | |
|---|---|
| Daniel L. Feder, Esq.<br>LAW OFFICES OF DANIEL FEDER<br>332 Pine Street, Suite 700<br>San Francisco, CA 94104<br><br>E-mail: danfeder@pacbell.net<br>Tel: (415) 391-9476<br>Fax: (415) 391-9432 | Attorneys for Plaintiff<br>MEGAN LABRADOR |